**730**

**JOHN V. CARR & SON, INC.**

v.

**UNITED STATES.**

**C.D. 4580; Court Nos. 68/17778–8707, etc.**

United States Customs Court.

Jan. 21, 1975.

Barnes, Richardson & Colburn, New York City (Joseph Schwartz, New York City, of counsel), for plaintiff.

Carla A. Hills, Asst. Atty. Gen. (Joseph I. Liebman, New York City, trial attorney), for defendant.

WATSON, Judge:

This case raises the same issues as were before the court in the case of John V. Carr & Son, Inc. v. United States, 66 Cust.Ct. 316, C.D. 4209, 326 F.Supp. 973 (1971), in which cast-iron hubs used as parts of planetary axles were held to be properly classifiable as cast-iron articles under item 657.09 rather than as parts of machines under item 678.50. The testimony and exhibits in that case have been incorporated herein. However, I cannot incorporate or perpetuate the conclusions reached therein.

█ It is undeniable that these hubs are chiefly used in making planetary axles which in turn are used to support the wheels of certain large off-the-road vehicles, nor can it be denied that in the manner in which they are used they are describable as parts of machines. Thus, at the very beginning we are faced with a dispute between a classification as a part of a machine and a claim as a cast-iron article. It seems to me that in a clash between these two provisions the provision for parts of machines is manifestly more specific and that in a comparison grounded in relative specificity the description by composition gives way to the description by use or function. Such a result is directly in conformity with the requirements of General Interpretative Rule 10(c) which requires that when an imported article is described in two or more provisions it is classifiable in the provision which most specifically describes it. Such a result is further in conformity with the requirement of General Interpretative Rule 10(ij) which provides that a provision for parts of an article covers products solely or chiefly used as parts of such article and General Interpretative Rule 10(h) which pro-

vides that unless the context requires otherwise a tariff description covers articles whether finished or unfinished.

In the face of these overwhelming indications of an intention in the tariff schedules to classify articles in the provision which describes them most specifically even if they are unfinished, it would take circumstances of an extraordinary nature to give priority in this case to a provision for cast-iron articles.

Ordinarily I would go no further and would hold that the question of relative specificity is determinative in this case and that no resort to legislative history is justified since there is no ambiguity in the language of the provisions involved. Nevertheless, despite the plain meaning of these provisions and the ease with which a conflict between them can be resolved by the use of the principle of relative specificity, the court in John V. Carr & Son, Inc., *supra,* 66 Cust.Ct. 316, 326 F.Supp. 973, discerned an intent of Congress to classify cast-iron parts of machines as cast-iron articles. The court evidently found support for this proposition in cases decided under paragraph 327 of the Tariff Act of 1930, notably United States v. The Singer Manufacturing Company, 37 CCPA 104, C.A. D. 427 (1950), as well as by analogy to the tariff treatment given *forgings* under the tariff schedules as exemplified by United States v. J. Gerber & Co., Inc., et al., 58 CCPA 110, C.A.D. 1013, 436 F. 2d 1390 (1971).

I cannot agree. In my opinion, in order to overcome the plain meaning of the statutory provisions and the inevitable outcome arising from the application of the rule of relative specificity would require legislative history or precedent of a most explicit type. No such legislative history or precedent exists. The decision in the *Singer* case involved language which was dramatically different from that involved herein and provides no support for the proposition that the term cast-iron articles includes articles which are parts of machines. Paragraph 327 of the Tariff Act of 1930, with which the court was concerned in the *Singer* case, provided for "all castings * * * which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts · * * *." The essence of the court's opinion is contained in its statement on page 107 that "the provision for excluding 'finished machine parts' convinces us that castings of iron which might be regarded as unfinished machine parts are within the paragraph provided they are not made up into articles or parts thereof." In other words, a provision for advanced castings with the proviso that they not be finished parts leaves open as a logical possibility coverage of advanced castings which are *unfinished* parts. It seems obvious to me that a case which dealt with much broader language than that involved herein, language which lent specific support to the inclusion of unfinished machine parts, can hardly be considered as determining the interpretation of completely new and entirely dissimilar tariff language for cast-iron articles.

I have the same objection to any reasoning by analogy to the case of United States v. J. Gerber & Co., Inc., et al., supra, 58 CCPA 110, 436 F.2d 1390. In the *Gerber* case, there was a recognizable continuity between the provision for steel forgings contained in paragraph 319(a) of the Tariff Act of 1930 and the provision for forgings in item 608.25 of the Tariff Schedules of the United States; in fact, the continuity was traced back all the way to the Tariff Act of 1909. The court in the *Gerber* case was able to discern " * * * a policy of Congress, consciously arrived at and clearly stated" to retain unfinished parts in the provision for forgings (page 115, 436 F.2d page 1394). In this case there is no comparable continuity of language and I am unable to discern any policy of Congress to build into the provision for cast-iron articles an exception to the rule of relative specificity and to the

rule that a part is classifiable as such whether finished or unfinished.

In fact, what little legislative history there is indicates that major surgery was performed on the provision for castings. First and foremost the language was radically changed from "castings" to cast-iron articles, and nothing remains regarding degree of advancement or attainment of the status of a finished part. In addition, specific provisions (such as items 660.50, 661.92 and 662.18) were established to deal with certain specific cast-iron parts, a circumstance which is inconsistent with the proposition that item 657.09 for cast-iron articles was intended to have the same sway as paragraph 327 of the Tariff Act of 1930.

It is obvious that a transformation and fragmentation of the tariff concept of castings took place in the formulation of the tariff schedules in that certain specific cast-iron parts were specially provided for and a general provision for cast-iron articles was left to function vis-à-vis other provisions in accordance with the normal rules of relative specificity.

■ The recent decision in The Acme Shear Co. v. United States, 73 Cust.Ct. ——, C.D. 4569 (1974), contains in greater detail many of the aspects of the legislative history of item 657.09. Chief Judge Boe rejected a claim for classification of imported cast-iron shear blades as cast-iron articles and held them properly classifiable as unfinished shear blades under item 650.89 of the TSUS. In a decision which rewards close study and which is highly relevant to this case, Chief Judge Boe carefully analyzed item 657.09 and concluded that the intent of Congress was that castings which were parts of articles be classified under the provisions which govern them as parts. Thus, the legislative intent coincides with the plain meaning of the language and the operation of the usual rules of interpretation. The reasoning of the *Acme Shear* case is unassailable in my opinion, and in its light I cannot follow the outcome in John V. Carr & Son, Inc. v.

United States, *supra,* 66 Cust.Ct. 316, 326 F.Supp. 973.

In conclusion I find that the imported hub castings are properly classifiable as parts of machines pursuant to item 678.50 of the TSUS. Judgment will enter accordingly.